ATLANTIC COAST LINE RAILROAD COMPANY, a Corporation, *Plaintiff in Error*, v. R. R. SECKINGER, *Defendant in Error.*

Division B.

Opinion filed August 1, 1928.

*Kelly & Shaw,* for Plaintiff in Error;

*Huffaker & Edwards,* for Defendant in Error.

PER CURIAM.—In an action to recover damages for injury to fruit trees caused by fire alleged to have been set out by sparks escaping from defendant's locomotive, the Court, in ordering a view of the premises, instructed that a witness for the plaintiff, in company of the bailiff, go along to point out the boundaries, to which defendant excepted. Three of the jurors went to the view in a car with the bailiff and the plaintiff; the other three jurors went in a car with a witness for the plaintiff.

Even if there was no communication between the jurors, and the plaintiff and his witness on the trip for the jury to have the view, it was not proper for the Court to permit the jury to make the view in company with the plaintiff and his witness, and the judgment must be reversed be-

cause of such unauthorized and improper proceedings. At another trial the testimony should be confined to the issues duly made, and the charges should clearly and concisely state the law applicable to the case as made by the pleadings and the evidence.

Reversed.

. WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.