JOHNSON, Judge.
This is an appeal from a judgment based upon a jury verdict in favor of the appellee, defendant below.
The appellant was a member of and visitor at the club house of the appellee, when he tripped and fell while going from one room or section of the club house to another. In his complaint for damages arising from the fall, appellant claims that a metal strip used to fasten down the border of a floor covering where the same joined the terrazzo floor of a connecting room, was loose and raised so that in passing over it, appellant hooked his foot therein and fell, causing his complained of injuries. The appellee, defendant below, answered denying the allegations of the complaint and charging the appellant, plaintiff below, with contributory negligence.
It appears from the evidence that an employee of the appellee had noticed the metal strip as being loose earlier in the day, and had directed some other employees, waiters, to fasten the strip back down. The waiter testified that he had fastened the strip down about 2:30 P.M. The accident happened about 4:00 P.M. of the same day.
In handling his defense, both in examination and cross-examination of witnesses, as well as in his argument to the jury, counsel for appellee alluded to the fact that appellant was a charter member of the club and was suing his own brothers in the club. *787 Also, that although appellant was no longer a member, he had been when the accident occurred. Appellant objected to this line of attack during examination of witnesses which objection was sustained. At the close of the defendant’s testimony, plaintiff moved to strike the defense of contributory negligence, which was denied. This is assigned as error, also.
The jury rendered a verdict of not guilty in favor of the defendant and judgment was entered thereon against the plaintiff and in favor of the defendant for certain costs. Motion for a new trial was made, but denied, and this appeal from the judgment based on the verdict and the order denying the motion for a new trial was entered.
The appellant listed seven assignments of error, but in his brief limits or combines his points on appeal to three, namely: (1) Was the trial court in error in denying plaintiff’s motion to strike the defense of contributory negligence? and (2) Was the verdict tainted with bias or prejudice because of remarks of counsel for the defendant? and (3) Did the trial court abuse its discretion in denying motion for a new trial?
We point out first that it is apparent there was sufficient evidence not under attack, upon which the jury could have based its verdict. It then remains to determine whether the errors complained of are meritorious and are such that a reversal should be had:
First, as to the motion to strike the defense of contributory negligence: the evidence shows that the appellant had crossed the same spot where he tripped, many times before; that the strip had been fastened down shortly before the appellant tripped and that there was a mark on appellant’s shoe which could have been made by a mere stumping of his toe. There was an eighth to a quarter inch rise at the point
where the terrazzo floor of one room joined the other room, which had a carpet or floor covering of some kind, and a metal strip was screwed down to the floor at the border of this carpet or floor covering. From the mark on the shoe and the fact there is a rise above the floor level of the adjacent room, the jury could have properly deducted and determined that the plaintiff had carelessly stubbed his toe on the metal strip. Therefore, we find no error in the trial court refusing the motion to strike the de-, fense of contributory negligence. It is the duty of every person to use his normal faculties to detect and avoid hazards to an ordinary and reasonable degree. Whether the plaintiff did this or not was properly a jury question.[1]
As to point two, whether the improper remarks of counsel for appellee were such as to render the verdict biased or prejudiced, or in other words, tainted, by misconduct of counsel, we must say that the trial court was correct in sustaining objections of plaintiff’s counsel to the questions by defendant’s counsel on examination and cross-examination. Further, we do not put the stamp of approval upon the conduct of counsel for defendant in his argument to the jury where he again alluded to things upon which the court had sustained objections, but neither do we think such remarks were of sufficient weight or viciousness as to sway the normal mental processes of a jury. We think the evidence, otherwise, was sufficient for the jury to find its verdict and that same was done in spite of and not because of remarks of defendant’s counsel.
In the last point raised by appellant, we can find no merit. There was no abuse of discretion on the part of the trial court denying the motion for a new trial. We are aware of the holding in Cloud v. Fallis[2] to the effect that a trial court *788 should grant a new trial if the verdict is against the manifest weight of the evidence, but this case does not disturb the fact that it is still within the discretion of the trial court to determine whether the manifest weight of the evidence is contrary to the verdict or whether any conduct of either party or counsel unduly influenced the jury. The trial court in this case heard all parties, witnesses and counsel, and we do not find where appellant has shown us an abuse of the trial court’s discretion in denying the motion for new trial.
The judgment and order appealed are both Affirmed.
WIGGINTON, Acting C. J., and SPEC-TOR, J., concur.

. Isenberg v. Ortona Park Recreational Center, Inc., 160 So.2d 132 (Fla.App.lst, 1964).

. Cloud v. Fallis, 110 So.2d 669 (Fla.1959).