PER CURIAM.
The appellant [plaintiff below] sued the appellees [defendants] in the trial court and sought to recover damages resulting from an alleged breach of certain agreements. The defendants answered and a jury trial followed. The jury returned a verdict for all of the defendants; a final judgment was rendered for the defendants, and this appeal followed.
The appellant argues that the trial court erred in permitting “evidence to be introduced of the wind velocity two miles from the hangar building and much closer to the center of the storm when evidence had already been introduced of maximum recorded wind velocity at the approximate location of the hangar.”
*333 The roof of an Eastern Airline hangar building had been severely damaged by Hurricane Cleo. As a result of the damage, this law suit was filed.
Plaintiff introduced evidence that the highest recorded wind velocity taken at the Miami International Airport, approximately one mile from the hangar, was 100 m. p. h. at an elevation of 23 feet. One of the defendants introduced evidence taken at the National Hurricane Center which was approximately two miles east of the airport, and much closer to the eye of the storm, that the maximum recorded wind gusts were 135 m. p. h. at an elevation of 111 feet. The objection to the introduction of the higher wind velocity was that it would mislead and confuse the jury. This obj ection was overruled and the plaintiff argues that this constituted reversible error. There was testimony that the wind velocity in a hurricane increases as elevation increases up to several hundred feet. The anemometer at the National Hurricane Center was at approximately 111 feet, and the roof of the Eastern Airline hangar was approximately 98 feet from the ground. Both reports as to wind velocity were from the United States Weather Bureau. Neither of the weather reports were actually taken at the hangar in question.
We find no reversible error in permitting the second weather report to go to the jury in order that it might try to determine the wind speed at the hangar in question on the basis of the reliable evidence available.
The appellant’s second point is directed to the alleged error of the trial court in permitting two of the defendants’ witnesses to testify as expert witnesses. We are of the opinion, from a review of the record, that no error was committed in this regard. See Upchurch v. Barnes, Fla.App.1967, 197 So.2d 26; Myers v. Korbly, Fla.App.1958, 103 So.2d 215; Fla.Stat. § 90.23, F.S.A.
The appellant next claims that the trial judge committed reversible error in corn-municating with the jury out of the presence of the parties and their counsel after the jury had retired to the jury room to consider its verdict.
After the jury retired to consider its verdict it had a handwritten note delivered to the trial judge. The note stated: “Is Mr. Bracken’s summary in evidence? or available?” The court had the following handwritten reply delivered to the jury: “All exhibits admitted in evidence are in the jury room. No other documents are before the jury or available.”
The Mr. Bracken referred to in the jury’s question had given oral testimony during the trial. He had testified from a written summary which had been excluded from evidence upon the objection of the defendant.
It is admitted that the communication between the judge and the jury occurred outside of the presence of the parties or their attorneys. The defendants concede that although this may have been technical error, it was not reversible error under Fla.Stat. § 59.041 (1967), F.S.A. The defendant notes that upon the return of the plaintiffs’ counsel and its client and before the jury had returned its verdict, the bailiff for the court advised all counsel “that the jury had asked a question of the judge in writing during the aforementioned recess, that the judge had communicated with the jury in writing in response to the jury’s question, and that the question was whether Mr. Bracken’s summary was in evidence.”
Plaintiffs’ counsel did not object at that time to the communications between the judge and jury and only objected after the jury had returned its verdict and had been discharged. Under these circumstances, we think the rule stated in 89 C.J.S. Trial § 483, is applicable. It states:
“As a general rule, if a party obtains knowledge during the progress of the trial of acts of jurors, or acts affecting them, which he shall wish to urge as ob *334 jections to the verdict, he must object at once, or as soon as the opportunity is presented, or be considered as having •waived his objection.1’ [Emphasis added]
See also, Alvarez v. Mauney, Fla.App. 1965, 175 So.2d 57.
Had the plaintiffs’ counsel made a timely objection, the trial court would have been given an opportunty to correct its error, if any in fact had occurred. By waiting until the jury returned its verdict before objecting, we think the plaintiff waived its right to object to this alleged error.
We have considered the other points raised for reversal and find them to be without merit.
For these reasons, the final judgment herein appealed is
Affirmed.