393 So.2d 11 (1980)
Phyllis CAMERON, Appellant,
v.
Melton L. SCONIERS and Allstate Insurance Company, Appellees.
No. 79-1241/T4-586.
District Court of Appeal of Florida, Fifth District.
November 12, 1980.
Rehearing Denied February 4, 1981.
Kenneth R. Cate, of Maher, Overchuck & Langa, Orlando, for appellant.
J. Russell Thacker, Orlando, for appellees.
ORFINGER, Judge.
Appellant contends that the trial court erred when it approved the jury verdict of $1,500.00 in a personal injury case, and that she is entitled to a new trial because of obvious insufficiency of the verdict.
The evidence reflects that appellant suffered a soft tissue injury to her neck and low back as a result of a rear end collision in July 1975. She contended also that certain *12 female difficulties arose as a result of the collision. From the record before us, it appears that the evidence was in dispute as to the extent and seriousness of her injury. There is evidence upon which the jury could have found that the female problems were not related to the accident. There is also evidence upon which the jury could have found, as it did, that her injuries were not permanent.[1]
In a special verdict, the jury found that appellant's medical bills as a result of the accident exceeded $1,000.00. There is a dispute however about the necessity of the treatment furnished to appellant by a Dr. Weaver. Prior to seeing Dr. Weaver, appellant had seen and been treated by a gynecologist, two orthopedic surgeons, and a neurologist. The medical bills filed in evidence for all these physicians plus the drug bills attributable to them total approximately $750.00. The record reflects that these physicians discharged the appellant from treatment with the advice that there were no objective findings they could correlate with her subjective symptoms. She was then treated by Dr. Weaver over a period of more than a year and his medical bill was $1,080.00. He prescribed drugs and medicines costing approximately $490.00. It was strenuously argued to the jury that none of Dr. Weaver's bills were medically necessary, and that without his bills the appellant could not meet the threshold requirements. The jury had a right to conclude, based on the evidence before it, that some but not all of Dr. Weaver's treatment was necessary because of the injuries.
Appellant relies on Hector v. Florida Farm Bureau Mutual Insurance Company, 364 So.2d 1253 (Fla. 2d DCA 1978), as support for her position that a new trial on damages is warranted. In Hector, citing Griffis v. Hill, 230 So.2d 143 (Fla. 1970), the court said that the accepted test for determining the adequacy of a jury verdict is whether a jury of reasonable persons could have returned that verdict. Based on the record before us, and the approval of the verdict by the trial judge who heard all the evidence, the appellant has not demonstrated that a jury of reasonable persons could not have returned the verdict here.
Appellant also contends that a new trial is warranted because of an improper remark by defendant's counsel in closing argument. The trial court sustained appellant's objection to the remark, and complied with appellant's request that the jury be instructed to disregard the comment. No other relief was requested. In this state of the record, a new trial based on the comment would be a "second bite at the apple" and inappropriate.
The final judgment based on the jury verdict is
AFFIRMED.
SHARP, J., and BAKER, JOSEPH, P., Associate Judge, concur.

ON PETITION FOR REHEARING
ORFINGER, Judge.
Appellant contends that we overlooked a stipulation between counsel to supplement the record which states that appellant's counsel asked for a mistrial following the conclusion of closing argument by appellees' counsel, and that the trial court denied it. We did not overlook it, because it was not included in the record on appeal. It is the appellant's obligation to ensure the correct preparation and transmittal of the record on appeal. Fla.R.App.P. 9.200(e).
Without commenting on the timeliness of the motion made at the conclusion of the argument, we find no abuse of discretion in the denial thereof by the trial judge. We adhere to our original opinion and the Petition for Rehearing is
DENIED.
SHARP, J., and BAKER, JOSEPH P., Associate Judge, concur.
NOTES
[1] On date of the accident, the threshold requirements of § 627.737(2), Florida Statutes (1975), included among other things medical bills in excess of $1,000.00 or a permanent injury as a condition to maintaining a tort action.