427 So.2d 1135 (1983)
WALT DISNEY WORLD CO., Etc., Appellant,
v.
Edith W. ALTHOUSE, Appellee.
No. 82-665.
District Court of Appeal of Florida, Fifth District.
March 16, 1983.
John L. O'Donnell, Jr. and John H. Ward, of DeWolf, Ward & Morris, P.A., Orlando, for appellant.
Kocha & Houston and Larry Klein, West Palm Beach, for appellee.
SHARP, Judge.
Walt Disney World Co. appeals the trial court order which granted Edith W. Althouse a new trial. Althouse moved for a new trial after the jury returned a verdict finding no negligence on the part of Disney. The impropriety which formed the basis for the motion was a contact which occurred between a juror and a Disney witness and employee, Steve Farina, in the midst of the trial. Under the circumstances which occurred in this case, we think the trial court erred in granting a new trial, and we reverse.
The jurors were excused for a coffee break during the afternoon on the second day of the trial. The bailiff saw the jurors leave the jury room, and he followed them *1136 into the hall next to the courtroom. A few minutes later he saw that the jury room was open and a young man (Farina) was putting on his shoes in that room. A juror came out of the jury room. The bailiff removed Mr. Farina and reported the incident to the court.
The trial judge was very upset with Disney, not only because of the juror-witness contact, but because Disney had failed to produce a record or report. The court asked counsel for Althouse what he wanted to do. He replied:
Well, your Honor, I want to continue the trial because it's gone this far but for the record, I would, I would say this, that the court instructed the lawyers at the beginning of the case as to how to handle our witnesses and that's all I have to say.
Farina was placed under oath and questioned by the court and the attorneys for the parties. He explained that he had not slept much the night before, and his new shoes, which he wore that day, were tight and hurting his feet. He had been waiting in the hall to testify for a day and a half. He noticed an empty room (the jury room) and someone told him he could go in there and rest. He went into the room, took off his shoes, and rested some fifteen to twenty minutes. Then a woman came into the room, and Farina asked her how things were going in the trial. She said she could not discuss it. Because Farina thought she was a witness, he began putting his shoes on, so he could walk out of the room. At that point the bailiff found him and asked what he was doing in the jury room. He denied that he knew the woman was a juror or that he knew he was in the jury room.
The court and attorney for Althouse conducted most of the questioning of Farina. They both were apparently satisfied with his explanations. No one suggested that the juror be also questioned. The court indicated it was ready to hear the rest of the case. Counsel for Althouse stated:
I do not move for a mistrial at this time but I would, Your Honor, ask that I be permitted to reserve the right to, to interview the jurors posttrial.
The court said it would take his request up after the trial. However, no other inquiry was made nor testimony taken after the jury verdict.
We are well aware that a trial court has very broad discretion to grant a new trial. Cloud v. Fallis, 110 So.2d 669 (Fla. 1959). But such decisions are not unreviewable by the appellate courts, and the reasons for the need for a new trial must be set forth in the order and supported by the record. Wackenhut Corporation v. Canty, 359 So.2d 430 (Fla. 1978).
Here the trial court's new trial order stated that "the circumstances surrounding the entry of the defendant's witness into the jury room in this case are such as to cast a shadow of impropriety over the result of the jury in this case." He did not find any actual improper contact had occurred, but relied solely upon the "appearance" of impropriety. Atlantic Coastline Railroad Company v. Seckinger, 96 Fla. 422, 117 So. 898 (1928).
Had counsel for Althouse requested a mistrial when the juror-witness contact was discovered, either before or after Farina testified, perhaps he would have been entitled to one. However, counsel for Althouse elected to let the trial proceed. This decision must be given its due consequences. Althouse cannot be allowed to proceed on a "heads I win; tails you lose" basis.[1]
Further, counsel for Althouse made no additional showing or effort to show the witness-juror contact was anything other than innocent and momentary in a post-trial proceeding, as he reserved the right to do, when he waived his right to request a mistrial. Had he done so, and had the contact been shown to have been different than testified to by Farina, again the result might be different. However, based on this record, we hold it was an abuse of discretion to grant a new trial for an "appearance of evil" known at mid-trial, when counsel *1137 elected not to request a mistrial. See, e.g., Miller v. Pace, 71 Fla. 274, 71 So. 276 (1916); Eastern Air Lines, Inc. v. J.A. Jones Construction Company, 223 So.2d 332 (Fla. 3d DCA 1969), cert. denied, 229 So.2d 868 (Fla. 1969).
REVERSED.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Robbins v. Graham, 404 So.2d 769 (Fla. 4th DCA 1981); Cameron v. Sconiers, 393 So.2d 11 (Fla. 5th DCA 1980); Nadler v. Home Ins. Co., 339 So.2d 280 (Fla. 3d DCA 1976).