ZEHMER, Judge.
Defendant below, Edward Dueitt, appeals his conviction of first degree murder, contending that the trial court should have granted his motion for new trial on grounds of juror misconduct.
*1259 During the second day of the three-day trial, defense counsel discovered that a member of the jury was an employee of Washington County and had worked on repairs to defendant’s cell made necessary by defendant’s attempted escape while being held on the murder charge. Defense counsel represents that he obtained information that defendant and the juror knew each other and that the juror may have known that defendant attempted to escape. Defense counsel did not promptly bring this information to the attention of the trial judge, and the case proceeded to a jury verdict of guilty. In the motion for new trial, defendant alleged, in essence, that the juror had not disclosed his acquaintance with defendant during voir dire, and further, that he may have told the other jurors of defendant’s attempted escape, thus prejudicing defendant’s right to a fair trial. The trial court denied the motion.
Defendant contends that the trial court should have conducted a hearing to determine whether the juror’s alleged knowledge of the attempted escape was sufficiently prejudicial to defeat defendant’s right to a fair trial, citing Robinson v. State, 438 So.2d 8 (Fla. 5th DCA 1983), and Alfonso v. State, 443 So.2d 176 (Fla. 3d DCA 1983). We hold, however, that such an inquiry was not necessary under the circumstances of this case. Here, neither the defendant nor his counsel promptly and timely brought the matter of possible juror misconduct to the attention of the trial court; rather, they waited until after the matter had been submitted to and decided by the jury. Defendant, having elected to trust this jury rather than timely raising the issue before additional time was consumed in the trial, will not be heard to raise the issue after conclusion of the trial and announcement of the verdict. Snook v. State, 478 So.2d 403 (Fla. 3d DCA 1985).
AFFIRMED.
SHIVERS and BARFIELD, JJ., concur.