PER CURIAM.
The appellants raise several issues on appeal. The main issue is whether a judge’s communication with the jury in the absence of attorneys, after the jury has retired to deliberate, requires a new trial where the attorney for the losing party had knowledge of the communication but failed to object until after the verdict was returned. We hold that under the circumstances the complaining party’s right to a new trial was waived.
The trial judge in this case made two improper contacts with the jury. The first one was after the jury was charged and counsel for both sides had left the courtroom where the jury remained to deliberate. The judge stayed in the courtroom and, without conversation, selected his lunch from a box of sandwiches which had been sent in for the judge and jury.
It is generally agreed that the mere presence of the judge, unaccompanied by counsel, in the same room as the jury after they have retired to deliberate, constitutes a communication notwithstanding that there was no conversation between them. See Wiles v. Stowe, 236 S.W.2d 21 (Mo.App.1951). See generally Annotation, Prejudicial Effect, in Civil Cases, of Communications Between Court Officials or Attendants and Jurors, 41 A.L.R.2d 288, 290 (1955). Such a communication is improper. See Hernandez v. Virgin, 505 So.2d 1369 (Fla. 3d DCA 1987) (where trial judge enters room of deliberating jury without permission of parties, prejudice will be presumed regardless of nature of communication). Nevertheless, when counsel for Nissan returned and saw the judge selecting his lunch in the courtroom, he did not object to the fact that the judge was alone with the jurors.
The second improper contact occurred one and one-half hours later when the jury summoned the judge with a question on damages. The attorneys were contacted, but before they returned, the judge entered *276 the courtroom and engaged in a brief conversation with the jurors. Nissan’s counsel returned and saw the judge emerging from the courtroom with the jury’s question. The judge and the lawyers for both sides then discussed the jury’s request for further instructions on damages. During this conversation the judge explained that while he was in the courtroom on the second occasion the jurors had asked him several general questions. He then related to the attorneys the contents of the conversation.[1] Nissan’s counsel asked the judge whether he had any conversation with the jury during the time he was retrieving his sandwich. The judge replied that nothing had been said. Nissan then dropped the matter without an objection or a request for a mistrial. Not until ten days later, after the unfavorable verdict was returned, did defense counsel complain that the judge’s contact with the jury required a mistrial. The judge denied the post-trial motion, ruling that any error had been waived.
The general rule is that misconduct by a judge in connection with a deliberating jury, even if of the nature that would require setting aside the verdict if timely brought to the court’s attention, is not a post-trial ground for a new trial where the misconduct was known to the moving party or his counsel before the return of the verdict.[2] Eastern Airline, Inc. v. J.A. Jones Constr. Co., 223 So.2d 332, 333-34 (Fla. 3d DCA) (party who waited until after return of jury verdict to voice objection to communication between judge and jury waived right to object to error), cert. denied, 229 So.2d 868 (Fla.1969). See also Miller v. Pace, 71 Fla. 274, 71 So. 276 (1916) (contact between defense counsel and jurors was known but not objected to before verdict, thus irregularity was held waived); Walt Disney World Co. v. Althouse, 427 So.2d 1135 (Fla. 5th DCA 1983) (improper contact between witness and juror waived when counsel did not request a mistrial when the contact was discovered). See generally Annot., 41 A.L.R.2d at 290.
The reason for the contemporaneous motion requirement is to preclude an attorney from sandbagging the court and his opponent by postponing his motion in belief that the outcome will be favorable, reserving an option to make the motion for the first time after the trial when the preliminary assessment has proved wrong. Althouse, 427 So.2d at 1136 (decision to let the trial proceed, after knowledge of alleged improper contact with jurors, must be given its due consequences). By waiting for the jury to return a verdict before complaining of the improper judge-jury contact, Nissan waived its right to object.
After giving thoughtful consideration to the remaining questions raised and addressed by briefs, oral arguments and supplemental authorities, we find no reversible error.
The final judgment is affirmed.

. Specifically the judge said that when he entered the room the second time, they asked "Haven’t we been good jurors for two weeks?” and “Aren’t we entitled to ask a question if we are not sure of anything?” The response was "You are entitled to ask questions.” .

. This rule generally applies even in criminal cases where the harm from such misconduct is potentially even greater. See Williams v. State, 488 So.2d 62 (Fla.1986). See generally Annotation, Knowledge by Defendant or His Attorney, Before Return of Verdict on Criminal Case, of Misconduct in Connection with Jury After Their Retirement as Affecting Right to New Trial or Reversal, 96 A.L.R. 530 (1935).