537 So.2d 677 (1989)
Adela L. SIMPSON, Appellant,
v.
K-MART CORPORATION, a Foreign Company Authorized and Doing Business in the State of Florida, Appellee.
No. 87-2998.
District Court of Appeal of Florida, Third District.
January 24, 1989.
*678 Granville E. Petrie, Jr., Coconut Grove, for appellant.
Peters, Pickle, Niemoeller, Robertson, Lax & Parsons and Donna C. Hurtak, Miami, for appellee.
Before HUBBART and BASKIN and JORGENSON, JJ.
PER CURIAM.
This is an appeal by the plaintiff Adela L. Simpson from a final judgment in favor of the defendant K-Mart Corporation entered upon an adverse jury verdict in a trip-and-fall negligence action. The plaintiff raises three points on appeal, none of which present reversible error; we, accordingly, affirm.
First, no error is presented in the trial court's denial of plaintiff's motion for new trial. The alleged extensive "humanizing" of the defendant's store manager was an entirely proper trial tactic, and, with one exception, was unobjected to below. Moreover, plaintiff's sole objection to a single improper comment by defense counsel during closing arguments to the jury was sustained by the trial court and no mistrial was requested or warranted based on this one comment. See Le Retilley v. Harris, 354 So.2d 1213, 1214-15 (Fla. 4th DCA), cert. denied, 359 So.2d 1216 (Fla. 1978); Stanton v. State, 349 So.2d 761, 765 (Fla. 3d DCA 1977); see also Cameron v. Sconiers, 393 So.2d 11, 12 (Fla. 5th DCA 1980); Green v. The Jesters, 199 So.2d 785, 787 (Fla. 1st DCA 1967).
Second, no error is presented by the trial court's exclusion, as evidence, of certain provisions of the South Florida Building Code [Building Code] and the Metro-Dade Fire Prevention and Safety Code [Fire Code]. The Building Code provision does not prohibit, as urged, the placement of a temporary plant tray in a portion of a business store aisle  the incident sued upon in the instant case  and was therefore totally irrelevant to the instant case. See § 3121.2(4)(aa), South Florida Building Code. The Fire Code provision arguably prohibits such a placement, see § 11.02(3), Metro-Dade County Fire Prevention & Safety Code, but we conclude it is only applicable where, unlike this case, the "obstruction" is "hazardous to life or property," see § 1.01, Metro-Dade County Fire Prevention & Safety Code. The aforesaid placement of the plant tray arguably created an unreasonable risk of physical harm to the defendant's business invitees, but by no stretch of the imagination was it hazardous to the "life" of its business invitees, such as the plaintiff herein. This being so, the Fire Code provision was totally inapplicable to this case.[1]
Third, no error is presented by the trial court's exclusion of a plaintiff's witness for failure to list such witness on plaintiff's pretrial catalogue. No prejudice to the plaintiff has been demonstrated by this exclusion because no proffer was made below of what this witness would have testified to other than describing the witness as a "before and after witness" which was patently insufficient. See Nava v. State, 450 So.2d 606, 609 (Fla. 4th DCA 1984), cause dismissed, 508 So.2d 14 (Fla. 1987); Seaboard Air Line R.R. v. Ellis, 143 So.2d 550, 551 (Fla. 3d DCA 1962); Green v. Hood, 120 So.2d 223, 226 (Fla. 2d DCA 1960); § 90.104(1)(b), Fla. Stat. (1987).
AFFIRMED.
NOTES
[1] Adamo v. Manatee Condominium, Inc., 13 F.L.W. 2505 (Fla. 3d DCA, Nov. 15, 1988), is inapplicable because, unlike the instant case, the building and safety code provisions involved therein arguably prohibited the condition sued upon; the same cannot be said of the building and safety code provisions herein.