541 So.2d 694 (1989)
Curtis Coolidge MURRAY, Appellant,
v.
Grady MOORE, Jr., Individually, and Grady Moore, Jr. As Father and Next Friend of George Cline Moore, a Minor, and Ann G. Moore, Appellees.
No. 88-1615.
District Court of Appeal of Florida, First District.
March 23, 1989.
Rehearing Denied April 28, 1989.
Robert L. Hinkle of Aurell, Fons, Radey & Hinkle, Tallahassee, and Donald M. Hinkle of Fonvielle & Hinkle, Tallahassee, for appellant.
Edgar C. Booth of Edgar C. Booth & Associates, P.A., Tallahassee, for appellees.
THOMPSON, Judge.
Appellant, the plaintiff below, appeals an order granting appellees' motion for new trial. We reverse.
The appellant contends: 1) the trial court erred in granting a new trial based on a jury instruction which was not erroneous, which was promptly superseded by an admittedly correct clarifying instruction, and to which no timely objection was made; and 2) the trial court erred in granting a *695 new trial based on unverified assertions concerning immaterial information neither asked of or disclosed by potential jurors.
Prior to closing arguments a charge conference was held at which several jury instructions were discussed and the final form of instructions were agreed upon by counsel for the respective parties. Following the closing arguments the court read the agreed upon instructions to the jury, including the following:
The court has determined and now instructs you as a matter of law that the circumstances at the time and place of the instant complained of were such that George Cline Moore (operator of appellee's vehicle) had a duty to use reasonable care for Curtis Murray's (appellee/plaintiff) safety.
No objection to the above instruction had been made at the charge conference. At the conclusion of all instructions defense counsel stated the above instruction was improper. He acknowledged that he failed to object to the instruction at the charge conference although he had intended to, and admitted that his failure to object was an oversight. The court allowed the jury to retire to begin deliberating while the matter was discussed. The court and the attorneys for both parties agreed that the best approach was to recall the jury and, without repeating the challenged instruction, to read an additional instruction explaining that both plaintiff and defendant had a duty to use reasonable care. The specific wording of an additional instruction was discussed and agreed upon. The jury was recalled, and the court read the following instruction:
Members of the jury, in order to clarify your instructions on the law, the court now instructs you that when operating a motor vehicle on the streets and highways of this state, all drivers have a duty to use reasonable care and this duty applies both to the plaintiff Curtis Murray and to the defendant Cline Moore.
The giving of the initial instruction was improper under the circumstances of this case. The giving of the curative or clarifying instruction which was agreed upon by counsel for the respective parties probably cured any prejudicial effect that the first instruction may have caused. Of far more importance, however, is the fact that Florida Rule of Civil Procedure 1.470(b) requires that counsel appear before the court and settle the charges to be given and that all objections to charges must be made and ruled upon at the charge conference. It further provides that no party may assign as error the giving of any instruction unless he objects thereto at the time of the charge conference. As stated by the Supreme Court in City of Orlando v. Birmingham, 539 So.2d 1133 (Fla. 1989).
The requirement of a timely objection is based on practical necessity and basic fairness in the operation of the judicial system. A timely objection puts the trial judge on notice that an error may have occurred and thus provides the opportunity to correct the error at an early stage of the proceedings. Castor v. State, 365 So.2d 701, 703 (Fla. 1978). It is essential that objections to jury instructions be timely made so that cases can be resolved expeditiously. In the absence of a timely objection, the trial judge does not have the opportunity to rule upon a specific point of law. Consequently, no issue is preserved for appellate review.
If a timely objection had been made in this case as required by the rule and case law the trial court could have corrected its initial error, the jury would have never heard the improper instruction and there would have been no necessity to give a curative or clarifying instruction. The very purpose of the rule is to give the trial court an opportunity to correct or delete any erroneous or inapplicable instruction which could be error if given. If no timely objection to the giving of an instruction is made, the error of giving an improper instruction cannot be properly assigned as a basis for a new trial or for reversal on appeal.
It was also improper for the trial court to grant a new trial based on unverified and unsubstantiated allegations about two of the jurors.
*696 The order granting a new trial is reversed and this cause is remanded with instructions to enter a judgment on the jury's verdict.
REVERSED and REMANDED.
WENTWORTH and WIGGINTON, JJ., concur.