631 So.2d 345 (1994)
WALLACE L. HARGROVE, SR., APPELLANT,
v.
CSX TRANSPORTATION, INC., A CORPORATION, APPELLEE.
No. 93-00804.
District Court of Appeal of Florida, Second District.
February 4, 1994.
The Beckham Firm, Jacksonville, and Joel D. Eaton of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, for appellant.
A.J. Melkus and Dan Fleming of Melkus & Hunter, Tampa, for appellee.
BLUE, Judge.
Wallace L. Hargrove, Sr., the plaintiff below, seeks reversal of the trial court's order granting CSX Transportation's motion for a new trial. We reverse because CSX failed to preserve by objection the issue which it contends entitled it to a new trial.
During jury deliberations, it was discovered that the bailiff had delivered the court's copy of the jury instructions to the jury room. The instructions were delivered without the knowledge of the court and the parties. The court's copy reflected the changes made during the charge conference. The changes were made, with the consent of both parties, by written notations and lines drawn through sections to be deleted.
Upon discovering that the instructions were in the jury room, the parties agreed that the court should retrieve the instructions. It promptly did so. The record fails to disclose any objection by either side, nor does it show any request for a curative instruction or motion for mistrial. Subsequently, the jury sent out several questions. The trial court answered, with both parties' consent, by directing the jury to consider only issues on which evidence had been admitted or on which they had been instructed. Again there was no objection, request for a curative instruction or motion for mistrial.
Following a jury verdict for Hargrove, the trial court granted CSX's motion for a new trial. CSX based the motion on the delivery of the marked-up instructions to the jury room. It argued that the jury's questions indicated the jury was considering marked-through sections of the instructions. Two of the jury's four questions had asked if retirement or disability benefits would be affected by the verdict. CSX asserted that those questions showed the jury was considering "earnings lost in the past" which had been deleted from the damage instruction.
Hargrove argues that the order granting a new trial is erroneous because CSX failed to object until after the jury rendered its verdict. CSX did not argue to the trial court that this constituted fundamental error, nor did it brief that argument on appeal.
*346 The Florida Supreme Court has held that timely objections are necessary to give a trial court the opportunity to correct errors. City of Orlando v. Birmingham, 539 So.2d 1133 (Fla. 1989). That principle applies to new trial orders as well. County of Volusia v. Niles, 445 So.2d 1043, 1047 (Fla. 5th DCA 1984) (holding that "[t]imely objection is as much a predicate for the grant of a new trial by the lower court as it is ... for reversal on appeal"). Contemporaneous objections are required because they promote judicial economy. By correcting an error during trial, the court precludes the necessity for a new trial. At the same time, requiring a timely objection prevents a party from rolling the dice with the jury, confident that an unvoiced objection will garner a new trial if the verdict is unfavorable. Nissan Motor Corp. in U.S.A. v. Padilla, 545 So.2d 274 (Fla. 3d DCA 1989) (reversing new trial order that had been based on an untimely objection to ex parte communication between judge and jury). Accord Murray v. Moore, 541 So.2d 694 (Fla. 1st DCA 1989) (reversing new trial order when no timely objection had been made at trial).
This particular case validates the requirement of a timely objection because remedial options were available when it was discovered that the instructions were in the jury room. CSX could have requested that the court re-instruct the jury on the law applicable to this case. CSX could have requested that the court give a curative instruction by telling the jury it should not consider the marked-through language. CSX could have requested that the court poll the jury to determine if any member had even seen the jury instructions. CSX could have requested a mistrial if it believed the jury's questions, considered in light of the marked-up instructions, revealed that the jury was unable to limit its consideration to the evidence. CSX failed, however, to request any action by the court after the instructions had been retrieved from the jury room and again after the jury presented its questions.
We are troubled by CSX's assertion that the transcript was deficient and we should somehow presume this issue was preserved. First, the record fails to reveal any objection by CSX when the instructions were discovered in the jury room. Second, the record fails to reveal any objection when the jury sent out questions, even though CSX now argues that the questions demonstrate the jury's prejudicial consideration of the edited instructions. At best, the jury questions provided another opportunity for CSX to object and request action by the trial court. Finally, CSX made no effort to prepare a stipulated record under Florida Rule of Appellate Procedure 9.200. Therefore, we find no merit in CSX's argument on this point.
Accordingly, we conclude that CSX's objection was untimely because it was not made until after the jury had delivered an adverse verdict. Thus, CSX did not preserve the issue for purposes of a new trial motion. We reverse the order granting a new trial and remand for entry of judgment pursuant to the jury verdict.
FRANK, C.J., and RYDER, J., concur.