732 So.2d 1185 (1999)
Sie JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3877.
District Court of Appeal of Florida, Fourth District.
April 28, 1999.
*1186 Robert L. Bogen of Law Offices of Robert L. Bogen, Boca Raton, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
We affirm appellant Sie Jenkins's conviction of trafficking in cocaine and write to address one issue raised on appeal.
After the trial, Jenkins moved for a new trial and for a jury interview. A ground for both motions was the conduct of appellant's wife, Willie Ann Jenkins, who signed an affidavit in support of the motion for jury interview. In pertinent part, the affidavit stated:
2. On Tuesday, August 12, 1997, I arrived at the Broward County Courthouse to observe my husbands [sic] trial. This was the first time I was able to attend.
3. Apparently, the case had not begun for the day. Sie and his attorney were not yet present. A large group of people were waiting outside Judge Cohn's courtroom. These people turned out to be the jury panel, although I was unaware of this at that point in time.
4. I noticed a person named Jeanette Arrington outside the courtroom sitting on a bench, with Willie James Smith and Cassandra Moore and a few others. This angered me because I had been informed by several people that Jeanette was having an affair with my husband.
5. I challenged Jeanette about this affair outside the courtroom, raising my voice. My husband arrived and I addressed him in a loud voice as well. "I know you go with Sie," I said to Jeanette. I used obscene words to describe her and her relationship with my husband.
6. I also loudly admonished Sie about this as well, stating, "I hope you get forty years; a man who cheats on his wife in the 90's is a ____ fool" and I am not sure that Sie heard these things, but I am now concerned that the jury panel heard them.
The motion for new trial alleged that the wife had said that she knew appellant was guilty. The trial court denied the motions for new trial and for jury interview. It appears that the court ruled on the basis that appellant waived his right to object on these grounds.
*1187 An evidentiary basis for such a waiver does not appear in this record. The wife's affidavit skirts the issue by stating "I am not sure that Sie heard these things." We remand for an evidentiary hearing. First, the court should determine whether, at the trial, appellant had knowledge of his wife's conduct in the presence of the jury venire, either because he was within earshot during all or part of the tirade, or because someone told him about it. It is unclear from the affidavit how appellant's wife "loudly admonished" him in a way that the jury panel could hear but appellant could not. If appellant knew of conduct potentially affecting the jury, but failed to timely bring it to the trial court's attention, the incident may not be raised as a ground for new trial or for a jury interview. See Rooney v. Hannon, 732 So.2d 408 (Fla. 4th DCA 1999). The line of authority followed in Rooney requires a party who learns of acts potentially impacting the jurors to advise the court as soon as possible. Such a requirement is not unfair, since improper contact with a jury venire is not a subtle issue; even a lay defendant can appreciate the problem of his wife screaming about his marital infidelities or guilt in front of potential jurors.
In Rooney, we identified the rationales behind the requirement that a party timely object to conduct affecting a jury to preserve the issue for a motion for new trial or appeal:
First, a timely objection provides the trial court with the opportunity to salvage a trial by ridding the jury of any improper influences through reinstruction or curative instruction.... Second, it is simply unfair to allow a party to hold back an objection like a trump card, ready to be played in the event of an unfavorable verdict.
Slip op. at 3, 732 So.2d at 411 (citations omitted). In this case, a timely objection would have permitted the trial court to question the venire to determine what they heard, if anything. See, e.g., Street v. State, 636 So.2d 1297, 1302 (Fla.1994). If a problem materialized, the court could have discharged the venire and called for a new panel. If appellant knew of the problem at the time, his failure to call it to the court's attention precludes him from raising it in the motions for new trial and for jury interview.
If the trial court finds that the issue was not waived, the trial court should then consider whether the sworn factual allegations of appellant's wife "if true, would require a trial court to order a new trial using the standard adopted in Hamilton."[1]Baptist Hosp. of Miami Inc. v. Maler, 579 So.2d 97, 100 (Fla.1991). If the court believes that the affidavit needs further amplification, before ruling on the request for a jury interview, the court should hold an evidentiary hearing concerning precisely what appellant's wife said and whether there was any realistic possibility that the jury panel heard her comments. Any jury interview should be conducted pursuant to the guidelines of Baptist Hospital.
Affirmed in part, reversed in part, and remanded.
DELL and KLEIN, JJ., concur.
NOTES
[1] State v. Hamilton, 574 So.2d 124 (Fla.1991).