DAVIS, J.
Charles W. Smith, appellant/former husband, appeals the trial court’s alimony order requiring that he pay Rebecca A. Smith, appellee/former wife, permanent periodic alimony. Appellant asserts that the trial court improperly took judicial notice of orders, reports, and related documents concerning appellee’s mental condition contained within a related dependency case and abused its discretion by requiring that appellant pay permanent rather than rehabilitative alimony to appellee. We affirm as to both issues.
Appellant failed to contemporaneously object when the trial court sua sponte announced that it would take judicial notice of the records concerning appel-lee’s mental state contained within the files of the dependency case. Thus, appellant has failed to preserve this issue for appeal. See Castor v. State, 365 So.2d 701, 703 (Fla.1978); Murray v. Moore, 541 So.2d 694, 695 (Fla. 1st DCA 1989). We note that had appellant contemporaneously objected, the trial court would have had the opportunity to correct any error at an early and appropriate stage of the proceedings. See Castor, 365 So.2d at 703; Murray, 541 So.2d at 695.
Regarding the second issue, despite appellant’s assertion that appellee sought only rehabilitative alimony, it is clear from appellee’s answer to the petition for dissolution of marriage that she sought rehabilitative and/or permanent alimony. The order awarding permanent alimony, based upon the court’s finding that appel-lee suffers from bipolar disorder, arrives at this court with a presumption of correctness, and appellant has not shown that the determination of appellee’s mental state is in error. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
Accordingly, we AFFIRM.
LAWRENCE and VAN NORTWICK, JJ„ CONCUR.