KHOUZAM, Judge.
Robert Phelps and Richard Beuchat timely appeal the circuit court’s order granting Jimmy Dean Johnson a new trial in this false imprisonment action. We reverse and remand with directions for the trial court to reinstate the verdict and enter judgment for the appellants.
Phelps and Beuchat mistakenly identified Johnson to law enforcement as the perpetrator of a strong-arm robbery and kidnapping. Johnson filed a complaint against them, alleging that their identification was made in bad faith and therefore constituted false imprisonment. A jury trial was held. Both Phelps and Beuchat testified that they were working at Car-rabba’s restaurant on the morning of April 5, 2003, when a man armed with a gun entered the building, demanded money, and locked them in the liquor room.
In the initial police report, Phelps and Beuchat identified the perpetrator as a black man over six feet tall and weighing approximately 300 pounds. Though the perpetrator had been wearing pantyhose over his face, they were still able to make out his facial features during the ten-minute period over which the robbery took place. They both noticed that the man resembled Johnson, who had periodically made produce deliveries to the restaurant. However, they did not initially identify Johnson as a suspect because they were concerned about making a false identification.
The officer who responded to the scene advised Phelps and Beuchat to continue to think about whether they might know the man who committed the robbery. Because the perpetrator wore a mask and the robbery occurred at a place of business, the officer explained to them that the crime may have been committed by a former employee or someone with a connection to the restaurant. Apparently following the officer’s direction, Phelps and Beuchat discussed their suspicion that Johnson was the perpetrator with each other as well as with one of Johnson’s coworkers. Based on these conversations, they located a photograph of Johnson on the internet. Only after seeing the photograph did they become certain that Johnson had committed the crime, and they contacted law enforcement with this information. Law enforcement arrested Johnson, and he was detained in jail while awaiting trial. Approximately five months after Johnson was arrested, another man confessed to the crimes and Johnson was released. Both Phelps and Beuchat emphasized that they were shocked to discover that they had identified the wrong man. The jury returned a verdict in favor of Phelps and Beuchat on May 11, 2011, specifically finding that Phelps and Beuchat had acted in good faith in mistakenly iden *926 tifying Johnson to law enforcement and that they had not instigated, persuaded, or requested law enforcement to restrain Johnson.
On May 20, 2011, Johnson filed a motion for new trial, arguing that the trial court erred in responding outside the presence of the parties and their attorneys to the deliberating jury’s request for the definition of “outstanding warrant.” The record shows that the jury requested the definition during deliberations and that the trial judge responded while the parties and their attorneys were at lunch. When they returned, the judge informed them of the exchange. The court explained the jury’s question and his response “that they have heard all the evidence, they have all the law in the case, and to continue their deliberations.” Johnson’s counsel did not object, and the jury returned its verdict shortly thereafter. The trial court granted the motion for new trial, and Phelps and Beuchat timely appealed.
“When reviewing the order granting a new trial, an appellate court must recognize the broad discretionary authority of the trial judge and apply the reasonableness test to determine whether the trial judge committed an abuse of discretion.” Brown v. Estate of Stuckey, 749 So.2d 490, 497-98 (Fla.1999). We recognize that this is a high standard, but we conclude that the trial court abused its discretion in granting a new trial in this case. Though it is undisputed that it was error for the trial court to answer the jury’s question outside the presence of the parties and their attorneys, as will be explained below Johnson waived any objection to this error and furthermore, the error was actually harmless.
Johnson waived any objection to the error because he was aware of the misconduct before the verdict was returned and yet he failed to raise an objec-
tion. As explained by the Third District in Nissan Motor Corp. in U.S.A. v. Padilla:
The general rule is that misconduct by a judge in connection with a deliberating jury, even if of the nature that would require setting aside the verdict if timely brought to the court’s attention, is not a post-trial ground for a new trial where the misconduct was known to the moving party or his counsel before the return of the verdict.
545 So.2d 274, 276 (Fla. 3d DCA 1989). This contemporaneous objection requirement prevents “an attorney from sandbagging the court and his opponent by postponing his motion in belief that the outcome will be favorable, reserving an option to make the motion for the first time after the trial when the preliminary assessment has proved wrong.” Id. Here, the judge informed the parties and their attorneys that the jury had asked a question and that he had responded outside their presence. Johnson did not object before the return of the verdict or even after the verdict was announced. He first raised the issue in his motion for new trial filed nine days later. Thus, Johnson waived his objection to the error.
Even if Johnson had not waived his objection, he would be unable to show that he was prejudiced by the trial court’s error.
[Wjhere a trial judge’s ex parte communication with a jury in a civil case does not affect any substantial rights of the parties, the error will be deemed harmless. A complaining party thus must demonstrate specific prejudice, which might include a showing of an inability of the reviewing court to determine from the record whether the action was actually harmless.
Life From The Sea, Inc. v. Levy, 502 So.2d 473, 474-75 (Fla. 3d DCA 1987). Here, the record shows that the error was actu *927 ally harmless. The definition of “outstanding warrant” that the jury requested was irrelevant to the question the jurors had to resolve to reach a verdict: whether Phelps and Beuchat acted in good faith. Further, by simply reminding the jurors that they already had all of the evidence and law in the case at their disposal, the judge gave a legally correct answer to the jury’s inquiry — and indeed, Johnson has not proposed an alternative response. Finally, the evidence presented at trial and summarized above strongly supported the verdict. For all of these reasons, we conclude beyond a reasonable doubt that the error did not affect the verdict. Accordingly, we reverse and remand for the trial court to reinstate the verdict and enter judgment for Phelps and Beuchat.
Reversed and remanded with directions.
DAVIS, J., and RAIDEN, MICHAEL E., Associate Judge, Concur.