IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JAMES EDWARD LYONS,

      Appellant,

 v.                                   Case No.  5D15-2381

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 12, 2016

Appeal from the Circuit Court
for Orange County,
Julie H. O'Kane, Judge.

James S. Purdy, Public Defender, and
Alexandra K. Galvin, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marjorie Vincent-Tripp,
Assistant Attorney General, Daytona
Beach, for Appellee.

COHEN, J.

     James Lyons was convicted of sexual activity, by a person in authority, with a child

and sexual activity with a sixteen or seventeen-year-old child. Lyons raises one issue on

appeal: the failure of the trial court to grant a new trial based on juror misconduct. Lyons

alleged that during the final morning of a three-day trial, one of the jurors approached and

asked him a couple of questions, including "whether or not he did this."

Lyons failed to mention this alleged misconduct until after his jury reached a verdict and was excused. To preserve this issue for purposes of a motion for new trial on appeal, the defendant must timely bring the misconduct to the trial court's attention. Kirkendall v. Cook, 33 So. 3d 751, 752 (Fla. 4th DCA 2010) (citing Rooney v. Hannon, 732 So. 2d 408, 411 (Fla. 4th DCA 1999); Jenkins v. State, 732 So. 2d 1185, 1187 (Fla. 4th DCA 1999)); Snook v. State, 478 So. 2d 403, 404-05 (Fla. 3d DCA 1985). Lyons was aware of the alleged misconduct before the proceedings had recommenced for the day, yet he withheld this information through the testimony of three witnesses, the charging conference, closing argument, jury deliberation, and jury discharge. His inaction deprived the trial court of the opportunity to determine the validity of the accusation and fashion a remedy, if any was required.[1] Lyons cannot bide his time and await the jury's verdict, only to raise his objection in the event of an unfavorable outcome. We find he has waived his right to object.

AFFIRMED.

LAWSON, C.J., and PALMER, J., concur.

---

[1] Excusal of the offending juror and substitution of an alternate juror was a potential remedy available to the trial court.