133 So.2d 101 (1961)
Robert T. HATTAWAY and Alma E. Hattaway, Appellants,
v.
FLORIDA POWER & LIGHT COMPANY, a Florida corporation, and H.E. Bray Construction Company, a Florida corporation, Appellees.
No. 1985.
District Court of Appeal of Florida. Second District.
August 11, 1961.
Rehearing Denied October 4, 1961.
*102 Gordon V. Frederick, Sanford, for appellants.
Mack N. Cleveland, Jr., Sanford, for appellees.
PER CURIAM.
Plaintiffs (appellants) are R.T. Hattaway and his mother, Alma E. Hattaway. The defendants (appellees) are the Florida Power & Light Company and H.E. Bray Construction Company, both Florida corporations. This suit is brought to recover damages as a result of an alleged trespass by the defendants on certain land owned by the plaintiffs.
The plaintiffs executed a right-of-way agreement with defendant power company in which the defendant power company was given a ten foot right-of-way easement on plaintiffs' property for the construction, operation and maintenance of electric transmission lines and other uses. The right-of-way agreement contained, in addition to the granting of the actual right-of-way, the following:
"* * * the right to cut and keep clear all trees and undergrowth and other obstructions within said right-of-way and all trees of such height on lands of Grantor  adjoining said right-of-way that may interfere with the proper construction, operation and maintenance of such facilities or any of them, and also including the right of ingress and egress over adjoining lands of Grantor  for the purpose of exercising this easement or all or any of the rights granted hereunder."
Defendant Bray was employed by defendant power company to clear said right-of-way in preparation for construction of the power line. He then entered onto the right-of-way and began work clearing out the trees and undergrowth. At the same time, acting under instructions of defendant power company, he entered onto adjacent lands of plaintiffs and felled certain trees.
Plaintiffs contend that defendant Bray, under instructions from defendant power company, exceeded the permission granted to cut certain timber on plaintiffs' adjoining land and thus committed a trespass which resulted in great damage to ferns being grown there for commercial use by plaintiffs.
The defendants admitted that they cut certain trees on plaintiffs' adjoining land, but offered evidence that the cutting of the trees was necessary and within the license granted by the right-of-way agreement.
Trial by jury was had in the Circuit Court of Seminole County and the jury *103 found for the defendants. Plaintiffs moved for a Judgment Non Obstante Veredicto and also for a new trial. Both motions were denied by the court, and from the final judgment plaintiffs filed a timely appeal.
Appellants present numerous assignments of error, but we find all of them without merit, except those dealing with the instructions given by the court to the jury and the instructions requested by the plaintiffs and not given to the jury.
For answer to the complaint, the defendants denied the trespass and for further answer said that as a result of that certain right-of-way agreement entered into between plaintiffs and the defendant power company that the defendants did have a right to enter into and destroy other trees, growth and foliage on the adjoining lands of the plaintiffs. This was an affirmative defense, Florida Rules of Civil Procedure 1.8(d), 30 F.S.A., and the defendants had the burden of proving this affirmative defense. Hough v. Menses, Fla. 1957, 95 So.2d 410.
It is fundamental that the office of jury instructions is to enlighten the jury upon questions of law which are pertinent to the issues of fact submitted to them. The purpose of jury charges is to guide and control the jury in their deliberations so that they may arrive at a verdict which is fairly based on the law and facts of the case. The litigants have the right to have the court instruct the jury as to the law applicable to the evidence under the issues presented. Holdsworth v. Crews, Fla.App. 1961, 129 So.2d 153.
In the instant case, the plaintiffs filed written requests that the court charge the jury with respect to the affirmative defense and the burden of proof thereof as set forth in such requests. The court failed to give any of the requested charges on these subjects. The defendants contend that the plaintiffs have lost this assignment of error since the plaintiffs did not object or note exception to the failure of the court to give the requested charges. Since the plaintiffs filed written requests for the giving of the charges, it was not necessary for the plaintiffs to object or take exception to the failure to give the requested charges. Florida Rules of Civil Procedure, 2.6(b), 31 F.S.A.
Nowhere in the instructions did the court instruct the jury that the burden of proving the defendants' affirmative defense of leave or license was upon the defendants.
For the reasons stated, the judgment is reversed and the cause is remanded to the Circuit Court with directions to grant the motion for a new trial.
Reversed.
ALLEN, Acting C.J., and KANNER and SMITH, JJ., concur.