417 So.2d 275 (1982)
John W. MIDDELVEEN and Patricia Kathleen Middelveen, Appellants,
v.
SIBSON REALTY, INC., Appellee.
No. 81-599.
District Court of Appeal of Florida, Fifth District.
July 7, 1982.
Rehearing Denied July 29, 1982.
*276 Henry J. Martocci, Cocoa, for appellants.
James L. Simon of Bogin, Munns, Munns & Simon, Orlando, for appellee.
ORFINGER, Chief Judge.
Appellee, plaintiff below, recovered a judgment against appellants for a real estate commission, following a jury trial. Defendants appeal and we affirm.
At the close of plaintiff's case, the court granted defendants' motion for a directed verdict as to Count 3 of the four-count amended complaint, denied the motion as to one count, and reserved ruling on the remaining two counts. The court announced that it reserved further consideration of this motion until the jury had been instructed and had retired. After the jury retired, the court heard further argument, granted the motion as to Count 4, and denied it as to Counts 1 and 2.
Appellants first contend that it was error to instruct the jury on Count 4 and then grant defendants' motion for a directed verdict as to that count, because it is now impossible to determine if the jury considered that count in reaching a verdict. The jury was given only a general verdict form, so it is not possible to determine on which of the counts the verdict for plaintiff was rendered. Appellants did not request special verdicts, nor did they object to the use of a general verdict. Where a general verdict form is submitted to the jury without objection, reversal is improper where no error is found as to one of several issues submitted to the jury on which the verdict may be properly based. Whitman v. Castlewood Intern. Corp., 383 So.2d 618 (Fla. 1980); Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1977); Rosenfelt v. Hall, 387 So.2d 544 (Fla. 5th DCA 1980). No reversible error is shown as to this issue.
Appellants' next contend that the trial court erred in giving certain jury instructions requested by appellee. With regard to the now complained of instructions, the record reflects either no objection at all, or only a general "I wish to object to the plaintiffs' instruction number 3" type of objection. In a civil action, to properly preserve error for appellate review on the giving of an instruction requested by the *277 opposing party, it is necessary that a distinct and specific objection be made. A general objection is not sufficient. Coleman v. Allen, 320 So.2d 864 (Fla. 1st DCA 1975); DuPuis v. 79th Street Hotel, Inc., 231 So.2d 532 (Fla. 3d DCA 1970). The objection may not be made for the first time on appeal. Lollie v. General Motors Corp., 407 So.2d 613 (Fla. 1st DCA 1981). Thus, in the face of no objection or only a general objection to instructions requested by the opposing party, the trial court has not been given the opportunity to rule on a specific point of law, and there is no issue created or preserved for appellate review.
With respect to the instructions requested in writing by appellant and rejected by the court, there is no requirement for additional objection to preserve that issue for appeal.[1] In a civil proceeding, if a party submits a written request for a jury instruction, and it is rejected by the trial court, the issue is preserved for appellate review without more.[2]Hattaway v. Florida Power & Light Co., 133 So.2d 101 (Fla. 2d DCA 1961). Thus, although properly preserved for appellate review, we find the instructions requested by appellant and rejected by the trial court to be misleading and confusing, or else not supported by the evidence, and thus properly rejected.
We have considered appellants' remaining issues and find them to be without merit. The final judgment appealed from is
AFFIRMED.
SHARP and COWART, JJ., concur.
NOTES
[1] Florida Rule of Civil Procedure 1.470(b) provides:

Instructions to Jury. Not later than at the close of the evidence, the parties shall file written requests that the court charge the jury on the law set forth in such requests. The court shall then require counsel to appear before it to settle the charges to be given. At such conference all objections shall be made and ruled upon and the court shall inform counsel of such general charges as it will give. No party may assign as error the giving of any charge unless he objects thereto at such time or the failure to give any charge unless he requested the same. The court shall charge the jury after the arguments are completed. (emphasis added).
[2] The rule is otherwise in a criminal proceeding, where a specific and distinct objection is required to the giving or the failure to give an instruction, in order to preserve an issue for appellate review. Fla.R.Cr.P. 3.390(d). See, e.g., Kelly v. State, 389 So.2d 250 (Fla. 2d DCA 1980).