498 So.2d 1362 (1986)
David RABREN, Appellant,
v.
V.W. STRAIGIS, B.F. Wiltshire, Walter N. Egan, John B. Schiffmacher, Earl G. Evans, Robert F. Park, Harry J. Williams, Thomas A. Baggett, J.J. O'Connell, James Gallagher, Lambert M. Ware, Fred F. Enno, Jr., Cyrus Epler, H. Eugene Knight, Gary Maddox, George H. McDonald, Frederick D. Smith, and G. Douglas Ferguson, Appellees.
No. 85-2849.
District Court of Appeal of Florida, Second District.
December 17, 1986.
Gregory G. Jones and Christopher L. Griffin of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellant.
Mike Piscitelli and C. Steven Yerrid of Stagg, Hardy & Yerrid, P.A., Tampa, for appellees.
LEHAN, Judge.
Defendant in this defamation suit appeals a final judgment for plaintiff which, pursuant to a jury verdict, awarded compensatory damages of $1.00 to each of the eighteen individual plaintiffs, punitive damages of $10,000 each to fifteen of the individual plaintiffs, and punitive damages of $1.00 to the remaining three plaintiffs for a total damage award of $150,021.
As his first point on appeal, defendant contends that the trial court erred in denying the admission of evidence concerning another pending lawsuit, which defendant contends would have supported a defense of privilege. Defendant's second point on *1363 appeal is that an erroneous instruction on punitive damages was given to the jury. We disagree with the first contention, agree with the second, and reverse.
The plaintiffs and the defendant are harbor pilots. The plaintiffs are members of the Tampa Bay Pilots Association. The defendant is a former member of that association who has formed a competing pilot association. In 1984 the defendant filed a federal lawsuit against the Tampa Bay Pilots Association and some of its members. The complaint in that lawsuit alleged interference with business relations, breach of contract, disparagement, unlawful compensation, and violations of federal antitrust laws.
In 1985 the defendant was interviewed by a reporter for the Bradenton Herald. A story published in that newspaper based upon the interview included purported quotations of defendant's statements about members of the Tampa Bay Pilots Association, accusing them of incompetence, drunkenness and involvement in waterfront corruption and racketeering. Based upon the article, the plaintiffs filed this defamation lawsuit.
On appeal defendant first contends that evidence of the federal lawsuit should have been admitted in this suit because, defendant claims, the allegedly defamatory statements which are the subject of this suit concerned the pending federal lawsuit and were, therefore, privileged. We disagree. Privilege is an affirmative defense. See Baro v. Southeast First National Bank, 363 So.2d 397 (Fla. 3d DCA 1978). Defendant asserted no such defense in any of his pleadings. Nor does it appear that a privilege defense was tried by implied consent. See Smith v. Mogelvang, 432 So.2d 119 (Fla. 2d DCA 1983).
Defendant's second contention is that the instruction given to the jury concerning punitive damages was erroneous because it did not include a definition of actual malice. We agree.
If allegedly defamatory statements involve a matter of public concern, punitive damages can be recovered only if actual malice is shown. Dun & Bradstreet Inc. v. Greenmoss Builders, Inc., 472 U.S. 749, 105 S.Ct. 2939, 86 L.Ed.2d 593 (1985); Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). The actual malice requirement applies regardless of whether plaintiffs are deemed to be public figures or private figures, if the statements relate to a matter of public concern. Dun & Bradstreet; Gertz. For there to be actual malice in this context there must be knowledge on the part of the person uttering the allegedly defamatory statement of the statement's falsity or a reckless disregard for its truth or falsity. Gertz, 418 U.S. at 349, 94 S.Ct. at 3011, 41 L.Ed.2d at 810-11.
What type of statement involves a matter of public concern has not been precisely delineated by the United States Supreme Court, but a determination in that regard is made from a consideration of the statement's content, form and context as revealed by the whole record. See Connick v. Myers, 461 U.S. 138, 147-48, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708, 720 (1983); Dun & Bradstreet, 472 U.S. at 761-63, 105 S.Ct. at 2947, 86 L.Ed.2d at 604-05. We conclude that the statements allegedly made by defendant in this case involved a matter of public concern. In this part of the country it is well known, and commonly a subject of media coverage, that the performance of harbor pilots in guiding seagoing vessels is a matter of concern not only for the safety of the vessels but for the public in general. The most notable example of public concern and media coverage in this respect was a 1980 incident when a piloted vessel collided with the Sunshine Skyway Bridge across Tampa Bay, which resulted in the collapse of a bridge span and caused vehicular traffic to plunge into the bay with substantial loss of life. We do not conclude that the statements alleged in this case were "solely in the individual interest of the speaker and ... [his] ... specific ... audience." Dun & Bradstreet, 472 U.S. at 761-62, 105 S.Ct. at 2947, 86 L.Ed.2d at 604.
*1364 Thus, plaintiffs in this case could recover punitive damages only if they proved actual malice. However, the jury instruction on punitive damages did not advise the jury of that proof requirement. The instruction was:
If you find for plaintiffs, you may, in your discretion, assess punitive damages against David Rabren as punishment and as a deterrent to others. If you find that punitive damages should be assessed against David Rabren, you may consider the financial resources of David Rabren in fixing the amount of such damages.
On the other hand, the instruction requested by defendant, and not given to the jury, would have advised the jury of the actual malice requirement. That instruction was:
If you find for plaintiffs and find also that the defendant acted maliciously, you may, in your discretion, assess punitive damages against Mr. Rabren as punishment and as a deterrent to others. It is malicious to make a false statement concerning another with knowledge of its falsity or with reckless disregard for its truth or falsity. If you find that punitive damages should be assessed against Mr. Rabren, you may consider his financial resources in fixing the amount of such damages.
Plaintiffs argue that defendant did not preserve this issue for appeal because defendant failed to sufficiently object in the trial court to the instruction as given. Plaintiffs point out that there was no argument that the subject matter of the defamatory words was a matter of public concern and that, therefore, the trial court was given no specific opportunity to rule on the contention now before us. We agree that the trial court should have been given more opportunity than he was given. The defendant argued in the trial court only that all of defendant's requested jury instructions should have been given. He did not argue any particular reason why the instruction given on punitive damages was inadequate and why defendant's requested instruction in that regard was proper. Nevertheless, "[i]n a civil proceeding, if a party submits a written request for a jury instruction, and it is rejected by the trial court, the issue is preserved for appellate review without more." Middelveen v. Sibson Realty, Inc., 417 So.2d 275, 277 (Fla. 5th DCA 1982). See also Hattaway v. Florida Power & Light Co., 133 So.2d 101 (Fla. 2d DCA 1961). While we understand and have considered arguments that the foregoing principle from Middelveen and Hattaway should not apply here, on balance we believe that if an exception to that principle may ever be warranted  and we do not decide that it may be  it is not warranted in this case. Accordingly, defendant's contention concerning the erroneous jury instruction was preserved for appeal.
No error in the portions of the trial concerning liability and compensatory damages has been argued to have occurred other than that which we have dealt with under defendant's first contention. Therefore, we reverse the award of punitive damages and remand for a new trial on the issue of punitive damages only. See Hartford Accident & Indemnity Co. v. Ocha, 472 So.2d 1338, 1342 (Fla. 4th DCA 1985).
On cross-appeal the plaintiffs contend that the trial court erred in failing to award, pursuant to Fla.R.Civ.P. 1.380(c), attorney's fees and costs expended by plaintiffs in proving facts denied by defendant in his response to requests for admission. We find no abuse of the trial court's discretion in this regard.
Affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
SCHEB, A.C.J., and RYDER, J., concur.