DAUKSCH, Judge.
This is an appeal from a judgment for the appellee in a personal injury case arising out of alleged unlawful arrest, assault and false imprisonment.
The facts of the case involve appellant’s alleged interference with a police investigation and an alleged forcible arrest for his conduct.
The issue in the case is whether the trial judge committed fundamental reversible error in instructing the jury in regard to the legal definition of probable cause, “civil disobedience” and in other matters.
We have reviewed this case and carefully considered the standards regarding fundamental error and find that we have a case which warrants reversal for a new trial because to do otherwise would result in manifest injustice to the appellant. He was not given a fair trial because the jury instructions were plainly wrong and misleading. Had the jury been given proper instructions it is likely a different result would have occurred. It is difficult for us to reverse the judgment when the fault lies very little with the trial judge. The fault lies almost entirely with appellant’s own trial lawyer (not either Mr. Freeland or Ms. Edens, his well-qualified appellate lawyers) in failing to object to erroneous instructions, failing to offer proper instructions, failing to move for a directed verdict and failing to move for a new trial. It is usual that we refuse to reverse a case such as this because more often than not we can attribute the decisions of an attorney at trial to be tactical decisions — conscious, deliberate refusal to object, or to not call a particular witness, or to make a particular legal argument. Here, that is clearly not the case.
One of the errors in the jury instructions involved the giving of an instruction regarding “probable cause.” That instruction is given properly in cases involving warrantless arrests in felony cases. The facts of this case do not warrant the giving of this instruction and the giving of it most likely caused confusion on the part of the *648 jury.[1] There were no felonies involved here, only alleged misdemeanors, and the standards for arrest for misdemeanors is different. Additionally, the instruction regarding civil disobedience, as defined by the instructions, as a bar to suit under Section 768.28(12), was inadequate to properly guide the jury. Upon retrial, with adequate thought and counsel, a proper instruction can be given if the court determines this type of instruction is applicable to this case.
In the interest of justice we are bound to reverse the judgment and remand for a new trial.
REVERSED and REMANDED.
SHARP, C.J., and DANIEL, J., concur.

. One of the instructions about probable cause was wrong. It said:
In order to have probable cause to believe that another person is committing a crime the person does not have to actually see the law being violated, but he must be certain that beyond a reasonable doubt there is no questions (sic) that the crime has been committed Probable cause is not equivalent with absolute certainty. It does not require proof beyond a reasonable doubt.
The underlined portion is incorrect.