539 So.2d 1133 (1989)
CITY OF ORLANDO, Petitioner,
v.
Alan L. BIRMINGHAM, Respondent.
No. 72402.
Supreme Court of Florida.
March 16, 1989.
Steven F. Lengauer of Eubanks, Hilyard, Rumbley, Meier and Lengauer, P.A., Orlando, for petitioner.
*1134 James K. Freeland and Deborah C. Edens of the Law Office of James K. Freeland, P.A., Orlando, for respondent.
The opinion dated January 19, 1989 is withdrawn and this opinion is substituted in lieu thereof.
KOGAN, Justice.
We have for review Birmingham v. City of Orlando, 523 So.2d 647 (Fla. 5th DCA 1988), based on express and direct conflict with Smith v. State, 521 So.2d 106 (Fla. 1988); and Wagner v. Nottingham Associates, 464 So.2d 166 (Fla. 3d DCA 1985). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
This case arose out of respondent Alan Birmingham's alleged interference with a City of Orlando police investigation of an auto accident involving his son. While police officers were questioning his son, Birmingham interrupted on several occasions requesting the officers to stop their investigation to allow him to take his son to the hospital. Birmingham was repeatedly warned by the officers not to interfere with their investigation. When Birmingham continued to interfere he was forcibly arrested and placed in a squad car. The officers then transported Birmingham to the police station where he was charged with disorderly conduct and resisting arrest without violence. §§ 843.02, 877.03, Fla. Stat. (1983). Birmingham later filed suit against the City of Orlando alleging unlawful arrest, assault and false imprisonment. Birmingham claimed that as a result of improper police behavior he sustained injuries to his back that prevented him from continuing gainful employment. At Birmingham's personal injury trial, the jury returned a verdict in favor of the City of Orlando. On appeal, the Fifth District Court of Appeal held that the trial court's instructions to the jury regarding the legal definitions of probable cause and civil disobedience were erroneous and constituted fundamental error. Birmingham, 523 So.2d at 647. The district court found the jury instructions to be "plainly wrong and misleading" and therefore unjustly deprived Birmingham of the right to a fair trial. Id. By holding that errors in the jury instructions constituted fundamental error, the district court reviewed the instructions even though Birmingham's attorney did not object to the instructions in the trial court.
As a general rule, appellate courts have steadfastly applied Florida Rule of Civil Procedure 1.470(b) to bar the appeal of jury instructions to which no objection was raised at the trial level.[1]Middelveen v. Sibson Realty, Inc., 417 So.2d 275, 277 (Fla. 5th DCA 1982), review denied, 424 So.2d 762 (Fla. 1982); Fleitas v. Robinson, 273 So.2d 419 (Fla. 3d DCA 1973). Furthermore, in criminal cases where the alleged error is giving or failing to give a particular jury instruction, this Court has refused to allow parties to object to the instruction for the first time on appeal. Febre v. State, 158 Fla. 853, 30 So.2d 367 (1947); see also Smith v. State, 521 So.2d 106 (Fla. 1988). The requirement of a timely objection is based on practical necessity and basic fairness in the operation of the judicial system. A timely objection puts the trial judge on notice that an error may have occurred and thus provides the opportunity to correct the error at an early stage of the proceedings. Castor v. State, 365 So.2d 701, 703 (Fla. 1978). It is essential that objections to jury instructions be timely made so that cases can be resolved expeditiously. *1135 In the absence of a timely objection, the trial judge does not have the opportunity to rule upon a specific point of law. Consequently, no issue is preserved for appellate review.
In this case, the failure of the trial court to give the proper jury instruction does not constitute fundamental error. Respondent cannot now be heard to complain about the consequences of his failure to object to the trial court's instruction. Furthermore, because of the absence of a timely objection to the instructions, we find the district court improperly addressed an issue that was not preserved for appellate review.
We therefore quash the decision of the Fifth District Court of Appeal and uphold the trial court's order.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and GRIMES, JJ., concur.
NOTES
[1] Florida Rule of Civil Procedure 1.470(b) provides:

Not later than at the close of the evidence, the parties shall file written requests that the court charge the jury on the law set forth in such requests. The court shall then require counsel to appear before it to settle the charges to be given. At such conference all objections shall be made and ruled upon and the court shall inform counsel of such general charges as it will give. No party may assign as error the giving of any charge unless he objects thereto at such time or the failure to give any charge unless he requested the same. The court shall charge the jury after the arguments are completed.
(Emphasis added.)