PER CURIAM.
Dade County appeals an adverse jury verdict in an action for breach of a construction contract contending that its motion for a directed verdict should have been granted, or in the alternative, that a new trial should be granted because the jury instructions were confusing and erroneous. We affirm for the following reasons.
First, review of the allegedly erroneous and confusing jury instruction was not preserved by a contemporaneous and specific objection. City of Orlando v. Birmingham, 539 So.2d 1133 (Fla.1989); Rule 1.470(b), Fla.R.Civ.P. Where, during the actual charge, the trial court varies from the wording of the written instructions, objections must be raised in a timely fashion to enable the trial court to cure any error. Castor v. State, 365 So.2d 701 (Fla.1978); Fleitas v. Robinson, 273 So.2d 419 (Fla. 3d DCA 1973). In this case Dade County made no objection during or immediately after the jury was charged. An objection after the jury had returned its verdict was untimely.
Second, the evidence was legally sufficient to survive a motion for a directed verdict in favor of Dade County. Tiny’s Liquors, Inc. v. Davis, 353 So.2d 168 (Fla. 3d DCA 1977). The evidence supports the jury finding that Dade County breached the agreement in rejecting the subcontractor’s offer to resubmit shop drawings showing that the Westinghouse switch gear could be fitted into the space provided for by the bid specifications and would conform to those specifications. There is evidence in the record which supports the jury’s finding that the cost overrun resulting from the change from a Westinghouse unit to a General Electric unit was caused by Dade County’s bad faith.
Affirmed.