672 So.2d 650 (1996)
Scott LUTHI, Personal Representative of the Estate and Survivors of Clarence Luthi, Deceased, Appellant,
v.
OWENS-CORNING FIBERGLASS CORP., Appellee.
No. 94-2003.
District Court of Appeal of Florida, Fourth District.
May 1, 1996.
*651 L.T. Case No. 93-11219(27).
Patrice A. Talisman of Russo & Talisman, P.A., Coconut Grove, and Ratiner, Reyes & O'Shea, P.A., Miami, for appellant.
Steven R. Berger of Berger & Chafetz, Miami, for appellee.
KLEIN, Judge.
Appellant seeks a new trial on the ground that the trial court erred in not giving a requested jury instruction. We conclude that the issue was not preserved, because this specific instruction was not called to the court's attention at the instruction conference and was not considered by the court. We therefore affirm.
This is an asbestos case which, because deceased's exposure to asbestos was in Kansas, was tried under Kansas product liability law. Plaintiff included in his written instructions an instruction regarding a manufacturer's duty to warn. A similar instruction was approved in Mason v. Texaco, Inc., 741 F.Supp. 1472 (D.Kan.1990), aff'd, 948 F.2d 1546 (10th Cir.1991).
This instruction was the last of 42 instructions filed together and numbers 38 through 41 pertained to punitive damages. After the court had gone through the first 37, granting some and refusing others, it stopped when it reached number 38, the first involving punitive damages. The court then noted that it had directed a verdict on punitive damages because there was insufficient proof and assumed that it would be unnecessary to go over the remaining instructions. Plaintiff's counsel did not call number 42 to the court's attention, and it was thus never considered by the court.
In Concept, L.C. v. Gesten, 662 So.2d 970, n. 1 (Fla. 4th DCA 1995), Judge Owen, speaking for this court, stated:
Appellants filed two dissimilar sets of requested jury instructions. At the charge conference only the second set of requested instructions was presented to the court, appellants' counsel stating that the first set had been filed "to preserve our appellate rights." One of the appellants' issues on this appeal is the court's failure to give one of the requested instructions from the set that was filed but not presented to the court at the charge conference. For instructive purposes we point out that to preserve the matter for appeal, rule 1.470(b), Florida Rules of Civil Procedure, contemplates, not simply the filing of the requested charge but that the requested charge be brought to the court's attention.[1]
*652 Plaintiff argues that Concept conflicts with Rabren v. Straigis, 498 So.2d 1362 (Fla. 2d DCA 1986); however, we do not agree. In Rabren, a defamation case, defendant was arguing that a jury instruction was erroneous because it did not include a definition of actual malice. Apparently defendant did not object to the instruction given; however, the defendant's requested instructions would have supplied the missing definition. The court held:
We agree that the trial court should have been given more opportunity than he was given. The defendant argued in the trial court only that all of the defendant's requested jury instructions should have been given. He did not argue any particular reason why the instruction given on punitive damages was inadequate and why defendant's requested instruction in that regard was proper. Nevertheless, "[i]n a civil proceeding if a party submits a written request for a jury instruction, and it is rejected by the trial court, the issue is preserved for appellate review without more."
Rabren, 498 So.2d at 1364. Rabren is thus distinguishable because the defendant in Rabren requested that all of the defendant's instructions be given at the charge conference, and the court rejected defendant's instructions in toto. Here there was no request for the instruction individually nor a rejection of the pack of instructions.
There is a distinction in civil cases between the specificity necessary to preserve the court's refusal to give a requested instruction, and to preserve an objection to an instruction which the trial court has decided to give.[2] As Judge Orfinger explained in Middelveen v. Sibson Realty, Inc., 417 So.2d 275, 276-77 (Fla. 5th DCA), rev. denied, 424 So.2d 762 (Fla.1982):
In a civil action, to properly preserve error for appellate review on the giving of an instruction requested by the opposing party, it is necessary that a distinct and specific objection be made. A general objection is not sufficient.... Thus, in the face of no objection or only a general objection to instructions requested by the opposing party, the trial court has not been given the opportunity to rule on a specific point of law, and there is no issue created or preserved for appellate review.
With respect to the instructions requested in writing by appellant and rejected by the court, there is no requirement for additional objection to preserve that issue for appeal. In a civil proceeding, if a party submits a written request for a jury instruction, and it is rejected by the trial court, the issue is preserved for appellate review without more. (Citations omitted) (Footnotes omitted).
If the trial court in this case had rejected plaintiff's package of instructions as a whole, the error would have been preserved because that is all that rule 1.470(b) requires. Here, however, the court, with the acquiescence of plaintiff's counsel, assumed it was unnecessary to consider the instruction in question. The instruction, therefore, was not rejected and the error has not been preserved.
We have considered the other issues raised by appellant and find them to be without merit.
Affirmed.
GLICKSTEIN and DELL, JJ., concur.
NOTES
[1] Florida Rule of Civil Procedure 1.470(b) provides:

Instructions to Jury. No later than at the close of the evidence, the parties shall file written requests that the court charge the jury on the law set forth in such requests. The court shall then require counsel to appear before it to settle the charges to be given. At such conference all objections shall be made and ruled upon and the court shall inform counsel of such charges as it will give. No party may assign as error the giving of any charge unless that party objects thereto at such time, or the failure to give any charge unless that party requested the same. The court shall orally charge the jury after the arguments are completed and, when practicable, shall furnish a copy of its charges to the jury.
[2] Specific objection is required to both the giving and the failure to give an instruction in criminal cases. Fla.R.Crim.P. 3.390(d).