GROSS, J.
Judith Feliciano appeals from a final judgment entered against her after a defense verdict in her pregnancy discrimination claim brought under Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act of 1992, and the Palm Beach County Equal Employment Ordinance.
We write to address Feliciano’s challenge to two jury instructions given by the court. She complains that the court “did not instruct the jury to consider the issue of pretext,” in that it failed to tell the jury that an employee has an opportunity to discredit an employer’s proffered non-dis-eriminatory reasons for an employment decision. See Texas Dep’t of Cmty. Affairs v. Burdine, 450 U.S. 248, 253-256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Palmer v. Bd. of Regents of the Univ. Sys. of Ga., 208 F.3d 969, 974 (11th Cir.2000); Cabrera v. Jakabovitz, 24 F.3d 372, 381-82 (2d Cir.1994). She also argues that the inclusion of the term “animosity” in one of the instructions improperly added an additional element of proof to her case.
Feliciano failed to preserve her objections for appellate review. She objected to defendant’s proposed pretext instruction during the charge, but did not offer a written instruction of her own to address this issue. After the trial court formulated an instruction, she did not object that the instruction was incomplete, as she now argues. She also failed to specifically object to the inclusion of the word “animosi *308 ty” in the jury instruction. If these two objections had been called to the trial court’s attention, they might well have been sustained.
Florida Rule of Civil Procedure 1.470(b) provides that
[n]o party may assign as error the giving of any charge unless that party objects thereto at such time, or the failure to give any charge unless that party requested the same.
To properly preserve an objection to an instruction requested by the opposing party, “it is necessary that a distinct and specific objection be made. A general objection is not sufficient.” Luthi v. Owens-Corning Fiberglass Corp., 672 So.2d 650, 652 (Fla. 4th DCA 1996) (quoting Middelveen v. Sibson Realty, Inc., 417 So.2d 275, 276-77 (Fla. 5th DCA 1982)). Concerning instructions a party has requested in writing which are rejected by the court, “there is no requirement for [an] additional objection to preserve that issue for appeal.” Luthi, 672 So.2d at 652.
Feliciano’s failure to preserve her objections to the jury instructions cannot be cured by application of the fundamental error doctrine, even though her characterization of the legal errors in the instructions is correct. In a civil case, the policies behind the requirement of Rule 1.470(b), that objections to jury instructions be properly preserved, override the necessity that a jury be correctly charged on the law.
The supreme court considered a similar issue in City of Orlando v. Birmingham, 589 So.2d 1133 (Fla.1989). In that case the plaintiff filed a suit against the city alleging unlawful arrest, assault, and false imprisonment. At the charge conference, the plaintiff did not object to the proposed jury instructions. The jury returned a defense verdict. On appeal, the fifth district held that the trial court’s instructions to the jury “regarding the legal definitions of probable cause and civil disobedience were erroneous and constituted fundamental error.” Id. at 1134. The fifth district based its finding of fundamental error on its conclusion that the instructions were so “ ‘plainly wrong and misleading’ ” that they “unjustly deprived [the plaintiff] of the right to a fair trial.” Id. (quoting Birmingham v. City of Orlando, 523 So.2d 647 (Fla. 5th DCA 1988)).
The supreme court quashed the decision of the fifth district, holding that “the failure of the trial court to give the proper jury instruction [did] not constitute fundamental error.” City of Orlando, 539 So.2d at 1135. The court reasoned that under Rule 1.470(b), a timely objection to a jury instruction was a crucial aspect of the trial process:
The requirement of a timely objection is based on practical necessity and basic fairness in the operation of the judicial system. A timely objection puts the trial judge on notice that an error may have occurred and thus provides the opportunity to correct the error at an early stage of the proceedings. It is essential that objections to jury instructions be timely made so that cases can be resolved expeditiously. In the absence of a timely objection, the trial judge does not have the opportunity to rule upon a specific point of law. Consequently, no issue is preserved for appellate review.
Id. at 1134-35 (citation omitted). Loose application of the fundamental error rule in this area would lead to retrial of many cases that would not have been necessary had there been a timely objection.
Even assuming that the instructions in this case incorrectly stated the law, City of Orlando compels the conclusion that no fundamental error has occurred.
AFFIRMED.
DELL and KLEIN, JJ., concur.