823 So.2d 295 (2002)
Francis Eugene CONVERSE, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 1D01-2119.
District Court of Appeal of Florida, First District.
August 14, 2002.
Nancy A. Daniels, Public Defender, Robert S. Friedman, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
*296 ERVIN, J.
This is an appeal from a final order civilly committing Frank Eugene Converse, appellant, as a sexually violent predator. Appellant contends that the lower court committed fundamental error by failing to instruct the jurors that before they could commit him they must find he was unable to control his dangerous behavior. We agree; accordingly, we reverse and remand the case with directions that appellant be afforded a new trial.
Appellee, the Department of Children and Families, petitioned to have Converse declared a sexually violent predator under the Jimmy Ryce Act,[1] and to commit him to the Department for long-term care, control and treatment. During trial of this case, no evidence was presented and no finding was made that Converse lacked control over his sexually dangerous behavior. At the time of the trial, the United States Supreme Court had decided Kansas v. Hendricks, 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997), upholding the constitutionality of the Kansas Sexual Violent Predator Act, which is practically identical to its Florida counterpart. The Court noted that the statute required a showing of both dangerousness and mental illness in order to warrant civil commitment, thus limiting commitment "to those who suffer from a volitional impairment rendering them dangerous beyond their control." Id. at 358, 117 S.Ct. 2072. The Court observed that the evidence demonstrated that Hendrix warranted civil commitment due to both a lack of volitional control and a prediction of future dangerousness. Id. at 360, 117 S.Ct. 2072.
Following the conclusion of Converse's trial and his adjudication as a sexually violent predator, the Supreme Court decided Kansas v. Crane, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002), wherein it concluded that one may not be civilly committed as a sexually violent predator unless a determination is made that the offender has serious difficulty controlling his or her dangerous behavior. Id., 122 S.Ct. at 870. See also Hudson v. State, 27 Fla. L. Weekly D1774 (Fla. 1st DCA Aug.2, 2002). As previously noted, no such proof was adduced in the instant case.
In deciding that the lower court committed fundamental error by failing to instruct the jury to determine whether Converse lacked control over his sexually violent conduct, we are aware that Florida Rule of Civil Procedure 1.470(b) provides: "No party may assign as error the giving of any charge unless that party objects thereto at such time, or the failure to give any charge unless that party requested the same." Accordingly, an appellate court will not consider an appeal involving an erroneous or omitted jury instruction unless the issue was raised below, thereby affording the trial court the opportunity to correct the error. See e.g., City of Orlando v. Birmingham, 539 So.2d 1133 (Fla. 1989).
Nevertheless, the Florida Supreme Court has recognized an exception to the requirement of a contemporaneous objection to a jury instruction if the error results in a denial of due process. Ray v. State, 403 So.2d 956 (Fla.1981). See also State v. Johnson, 616 So.2d 1, 3 (Fla.1993) (observing that "for an error to be so fundamental that it can be raised for the first time on appeal, the error must be basic to the judicial decision under review and equivalent to a denial of due process"). Based upon language from Crane, the omitted finding in the case at bar was basic to the validity of appellant's commitment and its omission amounts to a denial *297 of due process, and was thus fundamental error.
In Crane, the United States Supreme Court observed that it had previously concluded in Hendricks that the Kansas statute was constitutional because the statute required a finding that the offender's dangerousness was caused by or linked with a mental abnormality or personality disorder that made it "`difficult, if not impossible, for the person to control his dangerous behavior.'" Crane, 122 S.Ct. at 869 (quoting Hendricks, 521 U.S. at 358, 117 S.Ct. 2072). The Court expressly rejected the state's argument that the Constitution permits commitment of pedophiles like Hendricks without any lack-of-control determination. Crane, 122 S.Ct. at 870. Accordingly, the failure of the lower court to advise the jury of such requirement below was a denial of substantive due process, which is fundamental error.
REVERSED and REMANDED.
BARFIELD and VAN NORTWICK, JJ., CONCUR.
NOTES
[1] §§ 394.910-.931, Fla. Stat. (1999).