IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

VISHNU D. PERSAUD,

      Appellant,

 v.                                                                                    Case No.  5D16-863

BARBARA CORTES, AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF JOSHUA BATISTA, AND ON
BEHALF OF HIS  SURVIVORS,
ANDREW T. SANTIAGO AND
NICHOLAS GAJRAJ,

      Appellees.

_____/

Opinion filed May 19, 2017

Appeal from the Circuit Court
for Marion County,
Edward L. Scott, Judge.

Angela C. Flowers, of Kubicki Draper,
P.A., Ocala, for Appellant.

Victor Kline, of Greenspoon Marder, P.A.,
and Alexander M. Clem, of Morgan & Morgan, P.A.,
Orlando, for Appellees, Barbara Cortes as
Personal Representative of the Estate of Joshua
Batista and on behalf of his survivors, and Andrew T. Santiago.

No Appearance for Appellee, Nicholas Gajraj.

WALLIS, J.

Appellant, Vishnu D. Persaud, appeals the trial court's final judgment awarding $1.25 million in punitive damages in favor of Barbara Cortes, as personal representative of the estate of Joshua Batista, and Andrew T. Santiago (collectively, "Appellees"). Because the trial court abused its discretion by failing to provide a requested jury instruction, we reverse and remand for a new trial on punitive damages.

In May 2009, Appellees filed a complaint against Persaud for wrongful death and negligence. The claims stemmed from a November 2008 accident in which Persaud's vehicle rear-ended a vehicle operated by Santiago and occupied by Joshua Batista, Cortes's son, causing it to strike a third vehicle before flipping into an adjacent median. The accident resulted in Batista's death, significant injury to Santiago, and ultimately two convictions for DUI manslaughter, for which the court sentenced Persaud to two life sentences.[1] Appellees later amended their complaint to include a claim for punitive damages, alleging that, at the time of the accident, Persaud had consumed a significant amount of alcohol—resulting in a .302 percent blood alcohol reading.

After the compensatory phase of Persaud's bifurcated trial, the jury awarded a verdict of $244,419 for Cortes and $75,144.35 for Santiago. The trial court then proceeded to the punitive phase of the bifurcated trial, during which Persaud's counsel notified the trial court about the parties' competing requested jury instructions regarding punitive damages. Appellees' counsel explained the dispute as follows:

> The difference is, Judge, the Defense would like to introduce
> the idea of the lack of financial resources so that the jury can't
> award an amount that would financially bankrupt or destroy

---

[1] Persaud also appeals the trial court's exclusion of evidence pertaining to his convictions and sentences in the punitive phase of his trial. We affirm without discussion.

2

Persaud. However, that's the purpose for what this language is allowed in. . . .

The Defense has offered nothing to show the net worth, or lack thereof, of Mr. Persaud. So they don't get the benefit of the bargain by arguing he's in jail, he doesn't have to pay.

The trial court stated that it would read the portion instructing the jury that it should consider Persaud's "financial resources," then omit the portion reading, "However, you may not award an amount that would financially destroy the defendant." Fla. Std. Jury Instr. (Civ.) 503.1(c)(2). After the discussion concluded, Appellees' counsel responded, "Your Honor, just for the record, we renew our objection to the implication of Persaud's financial resources and instruction. But I understand the Court's ruling."

Persaud's mother later testified during the punitive damages phase of the trial, with the expressly agreed-to purpose of discussing the state of Persaud's financial resources. She testified that she sees Persaud once a month and that he has no money, no bank account, no property of any kind, and, as of 2008, no employment, with no expectation of future employment. In a 2010 deposition, read into evidence, Persaud testified that, from 2008 until the time of the deposition, he lived in his mother's home. Despite this testimony, the jury ultimately awarded punitive damages of $750,000 (Cortes) and $500,000 (Santiago).

Persaud specifically argues the trial court abused its discretion by refusing to read the following instruction about the award of punitive damages: "**[However, you may not award an amount that would financially destroy** (defendant(s)).]" Fla. Std. Jury Instr. (Civ.) 503.1(c)(2). Below, Appellees challenged the reading of both this instruction and the instruction requiring the jury to consider Persaud's financial resources on the basis that Persaud had no intention of establishing his financial circumstances during trial—as

3

evidenced by the lack of relevant exhibits noticed pretrial. Much of the discussion that followed during the charge conference pertained only to the question of whether sufficient evidence would warrant the first instruction about Persaud's financial resources.

The usage note for the instruction regarding financial destruction states, in part:

> 7. This instruction is to be given when requested by the defendant. See Wransky v. Dalfo, 801 So. 2d 239 (Fla. 4th DCA 2001). It appears that this instruction can only be used when evidence of the defendant's net worth has been introduced. See Bould v. Touchette, 349 So. 2d 1181 (Fla. 1977); Rinaldi v. Aaron, 314 So. 2d 762 (Fla. 1975).

Fla. Std. Jury Instr. (Civ.) 503.1(c) n.7. Here, Persaud satisfied both requirements. Appellees themselves recognized during the charge conference that Persaud requested the instruction: "[T]he Defense would like to introduce the idea of the lack of financial resources so that the jury can't award an amount that would financially bankrupt or destroy Persaud." Later, Persaud supplemented the record with the written version of his proposed jury instructions, which included the financial destruction language, explaining that it "was presented to and reviewed by the Court prior to the punitive damages phase of the trial in this case but . . . was inadvertently not made part of the Court's record at that time." Importantly, Florida Rule of Civil Procedure 1.470(b) provides that "[n]o party may assign as error . . . the failure to give any instruction unless that party requested the same." (emphasis added). "Concerning instructions a party has requested in writing which are rejected by the court, 'there is no requirement for [an] additional objection to preserve that issue for appeal.'" Feliciano v. Sch. Bd. of Palm Beach Cty., 776 So. 2d 306, 308 (Fla. 4th DCA 2000) (alteration in original) (quoting Luthi v. Owens-Corning Fiberglass Corp., 672 So. 2d 650, 652 (Fla. 4th DCA 1996)). Thus, the law required no further

4

objection for Persaud to preserve the trial court's failure to give the requested jury instruction.

Persaud satisfied the second requirement regarding evidence of net worth by introducing the testimony of his mother, who discussed his lack of assets and employment without any objection or challenge from Appellees. See Wransky, 801 So. 2d at 243 ("The only evidence of Wransky's net worth was his salary of $9 per hour and $1,000 in assets. An award of $7.5 million is clearly excessive in light of such meager assets."). Notably, the usage note for the instruction regarding financial resources also requires the introduction of evidence of a defendant's financial worth. See Fla. Std. Jury Instr. (Civ.) 503.2(c) n.4. Because the trial court elected to provide this instruction, which required evidence of net worth, it also should have provided the requested instruction about financial destruction, which required the same. Persaud persuasively argues the provision of this jury instruction, in light of his financial circumstances, would have resulted in a punitive damages award of less than $1.25 million, an amount that he reasonably contends will financially destroy him. Accordingly, we reverse and remand for a new trial limited to the issue of punitive damages.[2]

REVERSED and REMANDED with Instructions.

ORFINGER, J., and JACOBUS, B.W., Senior Judge, concur.

---

[2] Persaud argues the trial court committed additional errors by refusing to grant a partial mistrial of only the punitive damages phase and by denying his motion for remittitur. Because remand for a new trial on punitive damages eliminates the need for relief on these grounds, we do not address them.